IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME CROSBY, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-29-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |

### Memorandum Order

Petitioner Crosby, an inmate at F.C.I. Loretto, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 in January 2025, ECF no. 6, asserting that the Bureau of Prisons is incorrectly computing his sentence because it has failed to honor a New York sentence that was ordered to be concurrent to the federal sentence. The respondent has replied, ECF no. 11, asserting that petitioner's argument is wrong on the merits. For the reasons explained below, the petition is denied. This is a final appealable order.

District courts generally lack the authority to modify properly imposed sentences except in circumstances within the scope of 18 U.S.C.§ 3582(c) and Fed. R. Crim. P. 35. Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Washington, 549 F.3d 905, 914-17 (3d Cir. 2008). *See also* United States v. Parker, No. 23-2822, 2024 WL 322291, at *1 (3d Cir. Jan. 24, 2024)(vacating and remanding a sentence imposed without a determination by the sentencing judge whether the sentence was to be concurrent or consecutive to a yet-to-be-imposed state sentence; the Court of Appeals held the sentence was incorrectly imposed because the sentencing judge thought he had no power to address the issue). Under 18 U.S.C.§ 3584(a), a properly imposed sentence that is silent about concurrency to another court's sentence is (because it is imposed at a different time) considered to be a sentence that is consecutive to the other sentence. And under 18 U.S.C.§ 3585(b), the Bureau of Prisons cannot give credit against a federal sentence for time served in custody that has been credited against another sentence. Therefore, a federal sentence imposed without a direction or recommendation whether it is consecutive or concurrent to a state sentence that is imposed at a later time coupled with the direction in the second-in-time state sentence that it be served concurrently to the federal sentence can lead to the computation of the federal sentence many years after sentencing in a way that disappoints the hopes or expectations of the person sentenced. That is this case in a nutshell.

When a properly imposed federal sentence does not address the issue of concurrency and a state court subsequently imposes a sentence it orders to be concurrent

1

with the federal sentence, the Bureau of Prisons makes the determination of concurrency in accordance with Bureau of Prisons Program Statement 5160.05 (2003), *available at* https://www.bop.gov/policy/progstat/5160_005.pdf (last reviewed May 5, 2025) using its statutory authority under 18 U.S.C. § 3621 to designate *nunc pro tunc* the place where the state sentence was served as the place where the federal sentence was being served. A *nunc pro tunc* designation effectively honors the state court direction of concurrency, while the denial of a *nunc pro tunc* designation effectively rejects it. *See e.g.* Ramos-Rodriguez v. Warden, FCI Fort Dix, 446 Fed.Appx. 417, 419 (3d Cir. 2011). If the Bureau denies a request for retroactive determination a prisoner must first exhaust administrative remedies within the Bureau of Prisons and if unsuccessful then proceed by filing a habeas petition in the district where the prisoner is confined. Jeffers v. United States, No. 3:08-cr-16-KRG-KAP, 2018 WL 1515147 at *1 (W.D. Pa. Jan. 4, 2018), *report and recommendation adopted,* 2018 WL 1513660 (W.D. Pa. Mar. 27, 2018); Sierra v. United States, No. 3:20-cv-207-SLH-KAP, 2020 WL 13846658 at *1 (W.D. Pa. Oct. 15, 2020), *dismissed as moot*, 2021 WL 11699250 (W.D. Pa. Jan. 19, 2021). *See* Setser v. United States, 566 U.S. 231, 244 (2012).

The Bureau of Prisons makes the decision to designate using the four factors set out in the Program Statement and 18 U.S.C.§ 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence— (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a)(2). However, *nunc pro tunc* designation "will be made only when it is consistent with the intent of the federal sentencing or the goals of the criminal justice system." *See* Bureau of Prisons Program Statement 5160.05 at 4. This makes a negative position of the sentencing judge practically dispositive. Where "a designation for concurrent service may be appropriate (*e.g.,* the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)" the Bureau normally sends a letter to the sentencing court inquiring whether the court has any objection to the retroactive designation. *See e.g.* Estrada v. Tamez, No. 4:12-CV-245-Y, 2012 WL 4458689, at *2 (N.D. Tex. Aug. 20, 2012)(*citing* Bureau of Prisons Program Statement 5160.05), *report and recommendation adopted,* 2012 WL 4458407 (N.D. Tex. Sept. 26, 2012). The habeas court's review of the Bureau of Prison's decision is for abuse of discretion. Barden v. Keohane, 921 F.2d 476, 478-84 (3d Cir. 1990). The fact that the state court believes that the sentences should be concurrent is entitled to no weight. *Id.*, 921 F.2d at 478 n.4.

Crosby was sentenced by the Honorable Richard Arcara in the Western District of New York on October 27, 2014 to 77 months imprisonment followed by 3 years of

supervised release. The Judgment and Commitment, Attachment 5 to the Response, is filed at ECF no. 1153, United States v. Crosby, No. 1:08-cr-186-RJA (W.D. N.Y. January 14, 2015). Crosby was sentenced by the Honorable Michael Pietruszka in the County Court of the State of New York for Erie County later on the same day to 10 years imprisonment, concurrent to his federal sentence. Crosby was in primary custody of the State of New York, having been released on conditions after his federal arrest in 2008. See Attachment 4 to the Response. Crosby was delivered to the state of New York on November 6, 2014 and was paroled on December 10, 2021 to his federal sentence. The Bureau of Prisons, in accordance with 18 U.S.C.§ 3585(a), correctly considered Crosby's federal sentence to have begun December 10, 2021, because that is the later of the dates that sentence was imposed and when Crosby came into federal custody. See Jeffers v. United States, *supra*, 2018 WL 1515147 at *1. The BOP gave Crosby credit for the period he was in federal custody that was not credited against any other sentence, that is from his arrest on the federal charges on July 29, 2008 through September 25, 2008, when he was released on conditions under the Bail Reform Act. The Bureau of Prisons did not give Crosby credit for the period November 6, 2014 to December 10, 2021 that was credited against Crosby's New York sentence, because the state court judgment directing concurrency could not override either 18 U.S.C.§ 3584(a) or 18 U.S.C.§ 3585(b).

      Crosby unsuccessfully sought a recommendation of retroactive designation from Judge Arcara in May 2019 and April 2021. Response Attachment 8. The Bureau of Prisons considered these rulings in May 2021 when it made its decision to deny a *nunc pro tunc* designation. Response Attachment 9. Crosby attacks the correctness of the facts reviewed by the Bureau of Prisons with the assertion of fact that "The BOP is refusing to follow the intent of the federal and state judges." Petition at ¶13. Crosby is wrong. The transcripts of both of Crosby's sentencings are attached to his petition. They are clear that Judge Pietruszka and Crosby's counsel believed that the state and federal sentences were to be served concurrently, and equally clear that Judge Arcara, who sentenced Crosby first, made no such determination. At the federal sentencing, the concern presented to Judge Arcara was that the federal sentence occur first so that the state conviction would not affect Crosby's criminal history. Whether Judge Arcara made no comment about concurrency in 2104 because he was not asked to or because he believed that he did not have the power to decide the issue or because he like the Honorable John Padova on remand after United States v. Parker, *supra*, wished to defer to the Bureau of Prisons by declining to take a position, see ECF no. 40 in United States v. Parker, 2:22-cr-475-JP (E.D.Pa. May 15, 2024)(amended J&C), it is crystal clear that Judge Arcara expressly made the decision to defer to the Bureau of Prisons in 2019 and again in 2021. In addition, Crosby asked Judge Arcara to either impose a concurrent sentence *nunc pro tunc* or to recommend a *nunc pro tunc* designation in a motion to vacate filed in the sentencing court in January 2022 that was dismissed for lack of jurisdiction in April 2025. See ECF no. 1396, United States v. Crosby, No. 1:08-cr-186-RJA (W.D. N.Y. April 2, 2025)(denying

for lack of jurisdiction the motion to vacate at ECF no. 1373 and as moot the motion for judicial intervention at ECF no. 1383). The Bureau of Prisons is not "refusing to follow" Judge Arcara's intent. Since there is no other basis for finding the Bureau of Prisons' decision to be an abuse of discretion that would not amount to this court replacing the Bureau of Prisons' "broad discretion," <u>Ramos-Rodriguez v. Warden, FCI Fort Dix</u>, supra, 446 Fed.Appx. at 419, with its own judgment the petition must be denied.

DATE: May 5, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Jerome Crosby, Reg. No. 17109-055
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630